(30 Misc. Rep. 346.)

STEPHANI v. LENT.

(Supreme Court, Trial Term, New York County. January, 1900.)

1. MONEY HAD AND RECEIVED—ACTION—PARTIES.

Plaintiff's son, confined in a penitentiary under a life sentence, executed to plaintiff a paper authorizing her to pay his attorney $1,000 for services and disbursements in applying to the governor for pardon or commutation of sentence, and consenting that she hold as security, or pledge as collateral security, stocks owned by him, and in her possession. Plaintiff thereupon procured and paid the sum to the attorney, pledging her own securities upon the loan, which she afterwards paid from her own funds. Upon the paper the attorney indorsed a receipt for the money "in accordance with above authorization, to be used as above expressed." *Held*, that on the failure of the attorney to make the application within a reasonable time, plaintiff had no cause of action against him for money had and received, since the contract was between the son and the attorney.

2. CONTRACTS—PARTIES—CONVICT.

A contract by one confined in a penitentiary for life is valid.

Action by Josephine Stephani against Smith Lent for money had and received. Judgment for defendant.

Nelson S. Spencer, for plaintiff.

Charles H. Young, for defendant.

BISCHOFF, J. Alphonse J. Stephani, the plaintiff's son, confined under sentence of imprisonment for life, made and executed a certain paper directed to the plaintiff and presented to her by the defendant, the paper being as follows:

"I, Alphonse J. Stephani, do hereby authorize and empower my mother, Josephine Stephani, to pay to my attorney, Smith Lent, of Sing Sing, N. Y., the sum of one thousand ($1,000) dollars for services to be rendered and disbursements to be made by him in an application to the governor of New York state to have me pardoned, or to have my sentence commuted; and I hereby consent that she hold as collateral security for such sum of money or pledge as collateral security, if she have to borrow all or any part of such sum, stocks and securities owned by me and now in her possession, not exceeding in market value the said sum of one thousand ($1,000) dollars."

Upon the presentation of this instrument the plaintiff, who had control of her son's securities sufficient in amount, procured the sum of $1,000, and paid it to the defendant, who thereupon indorsed upon paper the following form of receipt:

"Received of Mrs. Josephine Stephani the sum of one thousand dollars ($1,000) this fifth day of April, 1897, in accordance with above authorization, to be used as above expressed."

It appears that the plaintiff did not actually use her son's securities when procuring the sum in question, but pledged securities of her own upon a loan, which she afterwards paid from her own funds, the reason being, however, according to her testimony, that when preparing to obtain the loan she found that she had omitted to bring the key of her son's safe-deposit box. The defendant did not make an application to the governor for pardon or commutation of sentence, having apparently good reason for delaying the matter, but after the lapse of what is said to be a reasonable time from the date of the payment the plaintiff instituted this action to recover back the sum of $1,000 upon the ground that the payment was made by her for a specified purpose, and that for failure of fulfillment of that purpose a cause of action arose. No claim of fraud is in any way suggested, and the theory of the action is that there was an agreement by the defendant with the plaintiff to make this application to the governor, with an implied promise upon the defendant's part to return the money paid should he not make the application, whatever his reasons for the failure to make it might have been. An action for money had and received could be maintained, upon this state of facts, only upon the assumption that the plaintiff, when paying over the money, acted individually and for her own account, and that the defendant's receipt of the sum involved his promise to her to perform the specific act of making the application to the governor as a condition to his right to retain that sum. The plaintiff's evidence is to the effect that the transaction was wholly personal,—that she treated the matter as one involving a payment by her for her own account,—and that the authorization from her son was disregarded by her except so far as it contained a request for a payment, which her affection for him

led her to make. In view, however, of the fact that the defendant's acknowledgment of receipt for this money was framed as for a payment within the strict terms of the authorization, and as such accepted by the plaintiff without demur; that she did not know the defendant, nor consider him in any way as her attorney; that she endeavored to obtain her son's securities, and used her own only to avoid delay; and that, through her attorneys, she subsequently wrote to the defendant, calling attention to his employment by Alphonse Stephani in the matter of the pardon,—I must conclude that the payment was made by her, according to the understanding of both parties, as a payment for her son's account, at his order, and to a person whose services were to be performed in accordance with his agreement with the son. But the plaintiff contends, in this view of the evidence she should still be entitled to recover as for a payment made without any consideration, the argument being that, since Alphonse Stephani was civilly dead, he could not make a contract of employment, nor could his authorization to the plaintiff to make a payment from his estate protect her as against the claims of persons who might be interested in a possible distribution. The very instructive opinion delivered in the case of Avery v. Everett, 110 N. Y. 317, 18 N. E. 148, 1 L. R. A. 264, where the status of a life convict was involved, would appear to afford authority for the proposition that a person "civilly dead" may still dispose of his property by will or by deed, and this during the period of the civil death. So, too, he may make a valid contract for the breach of which his estate would be answerable, although, on his side, the contract could not be enforced with the aid of the courts. If otherwise, however, I think the action must fail upon the broader ground that the parties themselves, without any misrepresentation of fact or of law, undertook to treat Stephani's acts as those of a person possessing full civil rights, and that the defendant received the sum in suit justly relying upon the plaintiff's recognition of the fact that the actual employment was at the hands of her son. Acting under this employment, he rendered services to Stephani, and, it would appear, is to give further attention to the matter of the application for a pardon, under the same retainer, when there may be an opportunity more favorable to his client, with whose consent the matter had been delayed. The practical construction of the transaction, which the plaintiff and defendant adopted, justified the latter in performing services at Stephani's instance as consideration for the money thus paid; and to hold that upon a more strictly legal, but contrary, construction the money belonged equitably to the plaintiff, would be to disregard the substantial equities of the defendant. If it be assumed that Stephani's legal status was such that he could neither contract for these services nor avail himself of his funds to retain them, as is claimed by the plaintiff to be the law, then it was essential that a retainer be provided, in order that he might have the benefit of the advice and services of counsel in the matter of the desired application for executive clemency. With imputed knowledge of the law, the plaintiff furnished the funds, and, if she could not

look for reimbursement from her son's estate, then the facts are only consistent with her intention to supply the funds as a gift to her son, in order that the relation of attorney and client might be established between him and this defendant. In whatever aspect the matter is taken, I cannot find that the transaction involved a promise upon the defendant's part to the plaintiff to answer for the specific application of the fund; nor that, upon the facts, the fund belongs in equity and good conscience to her, the ground upon which an action for money had and received properly proceeds. There should be judgment for the defendant, with costs.

Judgment for defendant, with costs.